UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN R. FRASE,

                        Plaintiff,

v.                                                                      5:09-CV-1170
                                                                      (GTS/GHL)

ROBERT FLORIAN, Village Police Officer;
KELLY GRABOWSKI, County Deputy Sheriff;
VILLAGE OF NORTH SYRACUSE POLICE DEP'T;
and ONONDAGA COUNTY SHERIFF'S DEP'T,

                        Defendants.
_____

APPEARANCES:                                                 OF COUNSEL:

JOHN FRASE
  Plaintiff, *Pro Se*
138 Rockland Drive
North Syracuse, NY 13212

LIPPMAN O'CONNOR                                  MATTHEW J. DUGGAN, ESQ.
  Counsel for Defendants
300 Olympic Towers
300 Pearl Street
Buffalo, NY 14202

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

On November 17, 2009, the Court issued a Decision and Order in this *pro se* civil rights action filed by John R. Frase ("Plaintiff") against Village of North Syracuse Police Officer Robert Florian, Onondaga County Deputy Sheriff Kelly Grabowski, and their municipal employers ("Defendants"). (Dkt. No. 4.) In that Decision and Order, the Court issued, *inter alia*, the following four rulings: (1) it denied Plaintiff's motion to proceed *in forma pauperis*; (2) it denied without prejudice Plaintiff's motion for the appointment of counsel; (3) it conditionally dismissed

Plaintiff's claims against the two municipal Defendants named in Plaintiff's Complaint unless, within thirty days, Plaintiff filed an Amended Complaint that cures the pleading defects in his claims against those two municipal Defendants; and (4) it conditionally dismissed the remainder of Plaintiff's Complaint unless, within thirty days, he paid the Court's filing fee of three hundred fifty dollars. (*Id*.) As of the date of this Decision and Order, Plaintiff has failed to either file an Amended Complaint or pay the referenced filing fee. (*See generally* Docket Sheet.) For these reasons, and for the reasons set forth in the Court's Decision and Order of November 17, 2009, Plaintiff's entire Complaint is dismissed without prejudice.

The Court notes that, on December 29, 2009, Defendants filed a motion to dismiss Plaintiff's Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), based on the untimeliness of Plaintiff's action given the applicable one-year statute of limitations established by New York C.P.L.R. § 215(3),(8). (Dkt. No. 5.) As of the date of this Decision and Order, Plaintiff has failed to file a response, which is due on or before January 19, 2010. (*See generally* Docket Sheet.) In any event, because the Court has already determined that adequate grounds exist upon which Plaintiff's action should be dismissed, the Court need not, and will not, reach the merits of Defendants' motion to dismiss. As a result, Defendants' motion is denied without prejudice as moot.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's claims against the two municipal Defendants named in Plaintiff's Complaint (Dkt. No. 1) are *sua sponte* **DISMISSED** **without prejudice** pursuant to Fed. 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the remainder of Plaintiff's Complaint (Dkt. No. 1) is *sua sponte* **DISMISSED** **without prejudice** for failure to pay the Court's filing fee of three hundred fifty dollars, pursuant to Local Rule 5.2 of the Local Rules of Practice for this Court and/or Fed. R. Civ. P. 41(b);[1] and it is further

**ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 5) is **DENIED** **without prejudice as moot**.

Dated: January 7, 2010
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[1] The Court notes that, to the extent its dismissal of the remainder of Plaintiff's Complaint is based on a failure to prosecute and/or obey a court order pursuant to Fed. R. Civ. P. 41(b), the Court has carefully considered the five factors identified by the Second Circuit in *Hevner v. Village East Towers, Inc.*, No. 07-5608, 2008 WL 4280070, at *1-2 (2d Cir. Sept. 18, 2008) [citation omitted], and has found that they weigh decidedly in favor of dismissal under the circumstances.